UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN R. CARRE,

    Plaintiff,

v.

                              Case No. 25-cv-11628
                              Hon. Matthew F. Leitman

COLETTE NUTTON, *et al.*,

    Defendant or Respondent.
_____/

**ORDER (1) DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF No. 11), AND (2) DEFERRING PROCEEDINGS ON REQUEST FOR PRELIMINARY INJUNCTION PENDING THE COMPLETION OF SERVICE AND BRIEFING**

    In this action, Plaintiff Susan R. Carre complains, among other things, that her mother, who has been diagnosed with Alzheimer's disease and vascular dementia, is being abused and denied the appropriate care, and that her assets are being wrongfully dissipated. (*See* Am. Compl., ECF No. 7.) She names as defendants a number of private parties and government entities, and she brings her claims under 42 U.S.C. § 1983. (*See id.*)

    Now before the Court is Plaintiff's Amended Motion for Temporary Restraining Order (ECF No. 11). In that motion, Plaintiff asks the Court to enter an order, among other things, "[f]reezing all of [her mother's] financial assets pending resolution," prohibiting or monitoring expenditures from her mother's accounts,

1

"[c]ourt-approved . . . relocation funds for Plaintiff," enjoining "further facility transfers" of her mother, requiring an "immediate comprehensive safety assessment" of her mother's care, ordering "enhanced monitoring and reporting" of incidents and medical decisions, ensuring "unrestricted family access for medical decision input and facility oversight," and requiring "court approval for any major medical decisions, care plan changes, or facility transfers[.]" (Mot., ECF No. 11, PageID.471-472.)

The Court declines to enter a temporary restraining on an *ex parte* basis for at least two reasons. First, Plaintiff has not persuaded the Court that the circumstances allowing *ex parte* relief under Rule 65(b)(1) of the Federal Rules of Civil Procedure exist here. For instance, she has not persuaded the Court why defendants should not be given notice of these proceedings prior to the entry of any equitable relief.

Second, serious questions are apparent from the face of the pleadings as to both the Court's subject-matter jurisdiction and the merits of Plaintiff's claims. By way of example (and not limitation), much of the Amended Complaint relates to harms allegedly suffered by Plaintiff's mother, and it is not clear that Plaintiff has standing to bring claims on behalf of her mother. Next, Plaintiff brings claims under Section 1983 against private parties who are generally not subject to liability under Section 1983. While Plaintiff includes claims that the private parties may have conspired with state actors, and while it may, perhaps, be possible for a private party

2

to be subject to Section 1983 liability if that party conspires with a state actor, the Court has questions about whether Plaintiff pleads sufficient facts to state a plausible conspiracy claim.  Finally, Plaintiff brings claims against defendants that are not subject to suit under Section 1983, including the Huntington Woods Public Safety Department. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (under Michigan law, police department is "subsumed within [the township] as a municipal entity to be sued under [Section] 1983, and thus the [p]olice [d]epartment was improperly included as a separate defendant in" the action); *Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D. Mich. 1997) (city police department is "not a legal entity against whom a suit can be directed").

Accordingly, the Amended Motion for Temporary Restraining Order (ECF No. 11) is **DENIED** to the extent it seeks *ex parte* relief.  The Court **DIRECTS** Plaintiff to complete the service documents as described in an order the Court will enter contemporaneously with this order.  If Plaintiff completes the service documents and returns them as directed, the Court will direct the United States Marshals to serve the documents.

Once the Defendants have been served, have appeared in the case, and have had an opportunity to file briefs with respect to Plaintiff's request for injunctive relief, the Court, through the assigned Magistrate Judge in the first instance, will

3

take up the request. The request for injunctive relief will be resolved only after full briefing on the motion.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4