UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN R. CARRE,

     Plaintiff,

                             Case No. 25-cv-11628

v.                               Hon. Matthew F. Leitman

COLETTE NUTTON, *et al.*,

     Defendant or Respondent.

_____/

## ORDER DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF No. 17)

In this action, Plaintiff Susan R. Carre complains, among other things, that her mother, who has been diagnosed with Alzheimer's disease and vascular dementia, is being abused and denied the appropriate care, and that her assets are being wrongfully dissipated. (*See* Am. Compl., ECF No. 7.)  She names as defendants a number of private parties and government entities, and she brings her claims under 42 U.S.C. § 1983. (*See id.*)  Carre previously sought an *ex parte* temporary restraining order "[f]reezing all of [her mother's] financial assets pending resolution," prohibiting or monitoring expenditures from her mother's accounts, "[c]ourt-approved . . . relocation funds for Plaintiff," enjoining "further facility transfers" of her mother, requiring an "immediate comprehensive safety assessment" of her mother's care, ordering "enhanced monitoring and reporting" of incidents and

1

medical decisions, ensuring "unrestricted family access for medical decision input and facility oversight," and requiring "court approval for any major medical decisions, care plan changes, or facility transfers[.]" (Mot., ECF No. 11, PageID.471-472.)

The Court denied Carre's first motion. (*See* Order, ECF No. 14.) In that order, the Court explained:

> The Court declines to enter a temporary restraining on an *ex parte* basis for at least two reasons. First, Plaintiff has not persuaded the Court that the circumstances allowing *ex parte* relief under Rule 65(b)(1) of the Federal Rules of Civil Procedure exist here. For instance, she has not persuaded the Court why defendants should not be given notice of these proceedings prior to the entry of any equitable relief.
>
> Second, serious questions are apparent from the face of the pleadings as to both the Court's subject-matter jurisdiction and the merits of Plaintiff's claims. By way of example (and not limitation), much of the Amended Complaint relates to harms allegedly suffered by Plaintiff's mother, and it is not clear that Plaintiff has standing to bring claims on behalf of her mother. Next, Plaintiff brings claims under Section 1983 against private parties who are generally not subject to liability under Section 1983. While Plaintiff includes claims that the private parties may have conspired with state actors, and while it may, perhaps, be possible for a private party to be subject to Section 1983 liability if that party conspires with a state actor, the Court has questions about whether Plaintiff pleads sufficient facts to state a plausible conspiracy claim. Finally, Plaintiff brings claims against defendants that are not subject to suit under Section 1983, including the Huntington Woods Public Safety Department. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir.

2007) (under Michigan law, police department is "subsumed within [the township] as a municipal entity to be sued under [Section] 1983, and thus the [p]olice [d]epartment was improperly included as a separate defendant in" the action); *Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D. Mich. 1997) (city police department is "not a legal entity against whom a suit can be directed").

(*Id.*) The court then directed Plaintiff to complete service on Defendants.

Now before the Court is Carre's "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and File Media Upload Permission." (Mot., ECF No. 17.)  In that motion, Carre claims she is entitled to an *ex parte* temporary restraining order because she was the subject of death threats.  The motion is **DENIED**.  The issues that led the Court to deny Carre's first motion for an *ex parte* temporary restraining order remain in place. (*See* Order, ECF No. 14.)  For those reasons, a temporary restraining order on an *ex parte* basis is not appropriate. In addition, with all due respect to Carre, the Court has reviewed the description of the alleged death threats and does not regard those communications as creating an imminent threat of harm or serious physical danger to Carre.  If Carre feels otherwise, she should contact law enforcement immediately.

    **IT IS SO ORDERED.**

                                    s/Matthew F. Leitman
                                    MATTHEW F. LEITMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126