UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN R. CARRE,

    Plaintiff,

v.

Case No. 25-cv-11628
Hon. Matthew F. Leitman

COLETTE NUTTON, *et al.*,

    Defendant.
_____/

## ORDER DENYING MOTION FOR APPOINTMENT AS NEXT FRIEND (ECF No. 20)

In this action, *pro se* Plaintiff Susan R. Carre complains, among other things, that her mother, who has been diagnosed with Alzheimer's disease and vascular dementia, is being abused and denied the appropriate care, and that her assets are being wrongfully dissipated. (*See* Am. Compl., ECF No. 7.) She names as defendants a number of private parties and government entities, and she brings her claims under 42 U.S.C. § 1983. (*See id.*)

Now before the Court is Carre's "Motion for Appointment as Next Friend" pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. (Mot., ECF No. 20.) In that motion, Carre asks the Court to allow her to represent her "incapacitated mother, Charlene A. Nutton, whose constitutional rights are being systematically violated" by Defendants. (*Id.*, PageID.532.) She also asks the Court to grant her leave to amend the

1

Complaint to add Charlene A. Nutton as a plaintiff. (*See* Mot., ECF No. 20, PageID.537.)  For the reasons explained below, Carre's motion is **DENIED**.

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian at litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  And Rule 17(c)(1) "sets forth examples of representatives who may sue or defend on behalf of an incompetent person, such as a general guardian, a committee, a conservator, or a like fiduciary." *Modelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 148 (3d Cir. 2021) (citing Rule 17).

Carre may not serve as next friend for Charlene A. Nutton in this action for at least two reasons.  First, Rule 17(c) permits an incompetent person "*who does not have a duly appointed representative*" to sue by a next friend. Fed. R. Civ. P. 17(c)(2).  Based upon documentation submitted by Carre in this case, Charlene A. Nutton appears to have already been appointed a guardian ad litem. (*See* Order Appointing Guardian Ad Litem, ECF No. 21, PageID.560, 567-568.)

Second, and more importantly, Carre cannot represent Charlene A. Nutton in this action because she does not have a lawyer, and a non-lawyer cannot serve as a next friend unless she, herself, has a lawyer.  *See Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002) (plaintiffs may not appear *pro se* where "interests other than their own are at

2

stake.")  As the United States Court of Appeals for the Second Circuit has explained, "[t]he fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation." *Berrios v. New York City Housing Auth.*, 564 F.3d 130 (2d. Cir. 2009).  Therefore, Carre may not serve as next friend to Charlene A. Nutton.

Carre also seeks to amend the Complaint to add Charlene A. Nutton as a plaintiff in this action.  There is no basis to do so.  As Carre has explained at length, Charlene A. Nutton is incompetent, and therefore cannot represent herself.  Further, as noted above, Carre cannot proceed *pro se* on behalf of Charlene A. Nutton.  Accordingly, Carre may not amend the Complaint to add Charlene A. Nutton as a plaintiff.

For all of the reasons explained above, Carre's motion is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  July 30, 2025

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 30, 2025, by electronic means and/or ordinary mail.

                                                      s/Holly A. Ryan
                                                     Case Manager
                                                     (313) 234-5126