UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN R. CARRE,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>COLETTE NUTTON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 25-11628<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT NUTTON'S NOTICES OF JOINDER/CONCURRENCE
(ECF NO. 84)**

Acting pro se, Plaintiff Susan R. Carre sues multiple defendants under 42 U.S.C. § 1983. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 48.

After some defendants moved to dismiss Carre's Second Amended Complaint, Defendant Colette Nutton filed notices that she joins and concurs in the motions filed by other defendants. ECF No. 76; ECF No. 80; ECF No. 81. Carre moves to strike Nutton's notices of joinder or concurrence, but her arguments are frivolous and form-over-substance.

1

For example, Carre claims that Nutton's counsel has a pattern of evading substantive responsive pleadings. ECF No. 84. But parties routinely file notices of joinder or concurrence with another party's dispositive motion rather than filing a duplicative motion. *In re West*, No. 21-31047-JDA, 2022 WL 1309939, at *2-*3 (Bankr. E.D. Mich. May 2, 2022); *Brown v. NL Indus., Inc.*, No. 06-10899, 2007 WL 1012797, at *1 n.1 (E.D. Mich. Mar. 31, 2007); *Edwards v. Prasad,* No. 15-11424, 2016 WL 7100492 (Dec. 6, 2016). Carre cites no authority stating that a party must file a substantive motion rather than a joinder. Her argument that Nutton's timely filed notice of joinder and concurrence should be stricken because she received it by mail the day after the filing deadline is equally baseless.

Carre also complains that Nutton did not seek concurrence, but as Nutton noted, Carre denied concurrence to the original motion. ECF No. 76, PageID.1372, 1458-1459; ECF No. 78, PageID.1471; ECF No. 79, PageID.1502. Requiring Nutton to seek concurrence separately would be form over substance.

Finally, in her motion, Carre makes unpersuasive arguments about the propriety of Nutton's counsel's representation and suggests that counsel has engaged in unethical practices. ECF No. 84. Her arguments

2

are irrelevant to the question of whether Nutton's joinders and concurrences were proper and are not well taken.

Thus, the Court **DENIES** Carre's motion to strike.

|  |  |
|---|---|
| Dated: November 4, 2025 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2025.

                                                <u>s/Davon Allen</u>
                                                DAVON ALLEN
                                                Case Manager