UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN R. CARRE,<br><br>Plaintiff,<br>v.<br><br>COLETTE NUTTON, *et al.*,<br><br>Defendants. | Case No. 25-11628<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S UNAUTHORIZED BRIEF
(ECF NO. 101)**

Acting pro se, Plaintiff Susan R. Carre sues multiple defendants under 42 U.S.C. § 1983. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 48.

After briefing on defendants' motions to dismiss concluded, Carre filed a "Notice of Supplemental Facts and Authority Pursuant to Local Rule 7.1(g)." ECF No. 101. "There is no federal or local rule governing notices of supplemental authority." *United States v. William Beaumont Hosp.*, No. 2:10-cv-13440, 2019 WL 9094425, at *3 (E.D. Mich. June 7, 2019). True, there is precedent for the filing of notices of supplemental authority when a

relevant Sixth Circuit or Supreme Court case is issued after briefing on a motion has concluded.  *Lee v. McDonald*, No. 05-cv-60238, 2008 WL 597287, at *1 (E.D. Mich. March 3, 2008) (citing *In re CMS Energy ERISA Litigation,* 312 F.Supp.2d 898, 903 n.3 (E.D. Mich. 2004)).  But Carre's supplemental brief includes no new authority.

And despite its title, Carre's filing is a sur-reply to defendants' motions to dismiss.  The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1.  Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Thus, the party wishing to file a sur-reply must file a motion for leave that sets forth "good cause." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019).

Carre filed no motion for leave and has not shown good cause for filing a sur-reply.  As such, Carre's unauthorized sur-reply is **STRICKEN**. ECF No. 101.

**IT IS SO ORDERED.**

2

                                                     s/Elizabeth A. Stafford
                                                     ELIZABETH A. STAFFORD
                                                     United States Magistrate Judge

Dated: December 15, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2025.

                                                          s/Davon Allen
                                                          DAVON ALLEN
                                                          Case Manager