UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN R. CARRE,<br><br>Plaintiff,<br><br>v.<br><br>COLETTE NUTTON, *et al*.,<br><br>Defendants. | Case No. 25-11628<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO STAY
(ECF NO. 102)**

Acting pro se, Plaintiff Susan R. Carre sues multiple defendants under 42 U.S.C. § 1983.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 48.  Several motions to dismiss, brought under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) are pending before the Court.  Those motions have been briefed and are ready for a decision by the Court.  Carre now moves to stay proceedings, and delay rulings on the motions to dismiss, until Carre can obtain records she sought under a Freedom of Information Act (FOIA) request she submitted to the Michigan Department

of Health and Human Services (MDHHS).  Carre asks the Court to rule on her motion on an emergency basis.

Carre states that she seeks a "*Landis* stay."  ECF No. 102, PageID.1912.  Under *Landis v. North Am. Co*., 299 U.S. 248 (1936), "the Court has inherent power to stay proceedings pending the resolution of the same or related issues in another forum."  *James v. Thomas*, No. 24-cv-00061, 2025 WL 1392156, at *2 (W.D. Ky. May 14, 2025).  But Carre has not identified a second related case that is proceeding in another forum.

The Court notes that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court."  *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977) (cleaned up).  Even so, a "court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."  *Id.*  "The burden is on the party seeking the say to show that there is a pressing need" for the requested stay.  *Id.*

Carre has not met her burden of showing there is a pressing need for the requested stay.  This case was filed more than six months ago, and

defendants have filed and briefed two rounds of motions to dismiss.  The

pending motions to dismiss are ripe for a decision by the Court.  And those

motions challenge subject matter jurisdiction and the *sufficiency of the*

*pleadings*.  The documents that Carre seeks from her FOIA request to the

MDHHS could not be considered in evaluating the challenges to the

sufficiency of Carre's pleadings without the Court converting the pending

motions to dismiss into summary judgment motions under Rule 12(b)(d)—

and this Court has no intention of doing that.

The Court **DENIES** Carre's motion to stay **WITH PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 15, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager