UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN R. CARRE, <br><br> Plaintiff, <br><br> v. <br><br> COLETTE NUTTON, *et al.*, <br><br> Defendants. | Case No. 25-11628 <br> Honorable Matthew F. Leitman <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S IMPROPER FILINGS**
**(ECF NOS. 121, 127, 129)**

Plaintiff Susan R. Carre sues under 42 U.S.C. §§ 1983 and 1985 and the Americans with Disabilities Act and asks the Court to exercise supplemental jurisdiction over several state-law claims. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 48.

The Court strikes Carre's improper filings. Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer. Parties may also file motions that "state with particularity the grounds for seeking" a

court order. Fed. R. Civ. P. 7(b). And the Court's local rules permit parties to file responses and replies to motions. E.D. Mich. LR 7.1(d).

Carre has filed an emergency notice alerting the Court of allegedly unconstitutional acts by the state court and two documents titled "Federal Master Exhibits" that are not tied to a pleading or motion. ECF No. 121; ECF No. 127; ECF No. 129. Because these documents are not motions or other filings authorized under Rule 7 or the local rules, the Court **STRIKES** them.

The Court also **WARNS** Carre that she will face sanctions if she clogs the docket with improper filings. "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006). Carre's pro se status does not give her license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up). The sanctions

that Carre may face include (1) involuntary dismissal with prejudice;[1] (2) revoking the plaintiff's IFP status;[2] and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court.[3]

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: January 27, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

---

[1] See *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016).

[2] See *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Molter v. Trinity Health*, ___ F.Supp.3d ___, 2025 WL 3295122, at *4 (E.D. Mich. Nov. 26, 2025).

[3] See *Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1450 (E.D. Mich. 1988).

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2026.

                                                  s/Davon Allen
                                                  DAVON ALLEN
                                                  Case Manager