UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN R. CARRE,<br><br>                      Plaintiff,<br><br>v.<br><br>COLETTE NUTTON, *et al.*,<br><br>                     Defendants. | Case No. 25-11628<br>Honorable Mathew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING
DEFENDANT NUTTON'S MOTION TO CANCEL
NOTICES OF LIS PENDENS
(ECF NO. 125)**

**I.     Introduction**

Plaintiff Susan R. Carre sues multiple defendants under 42 U.S.C. §§ 1983 and 1985 and the Americans with Disabilities Act and asks the Court to exercise supplemental jurisdiction over several state-law claims. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 48. Defendant Colette[1] Nutton moves to cancel two notices of lis pendens filed

---

[1] Her name is spelled as both "Colette" and "Collette" in various filings.

by Carre that reference this case.  ECF No. 125.  The Court will grant her motion.

## II.   Background

Charlene Nutton, the elderly mother of Colette Nutton and Carre, suffers from Alzheimer's disease and vascular dementia.  ECF No. 71, PageID.1095.  In March 2025, Colette petitioned the Oakland County Probate Court to be appointed Charlene's guardian and conservator.  *Id.*, PageID.1115.  After the probate court denied Carre's petitions to become Charlene's guardian, Carre filed a notice purporting to remove the probate proceedings to this court.  ECF No. 1.   Carre was later allowed to proceed on a complaint and, with defendants' agreement, to file a second amended complaint (SAC).  ECF No. 55; ECF No. 66.

Defendants moved to dismiss the SAC.  ECF No. 73; ECF No. 76; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 82; ECF No. 88.  In a December 2025 report and recommendation (R&R), this Court recommended that those motions be granted, that supplemental jurisdiction

2

be declined, and that Carre's state-law claims be dismissed without prejudice.  ECF No. 111.[2]

In the state-court probate proceedings, Colette petitioned to be appointed conservator and for a protection order, in part to address notices of lis pendens Carre filed on two properties.  Carre filed one notice with the Sanilac County Register of Deeds about a property located at 7435 Lakewood, Worth Township, Michigan.  ECF No. 125-2, PageID.2372.  She stated that the property was a subject of this federal case.  ECF No. 125-2, PageID.2372.  The second notice, filed with the Oakland County Register of Deeds, related to a property located at 10714 Nadine, Huntington Woods, MI 48070, and alleged that the case involved property and inheritance rights.  ECF No. 125-2, PageID.2371.

In her probate court petition, Colette explained that she was her mother's power of attorney and was managing her mother's financial affairs.  ECF No. 125-3.  Charlene was under hospice care and Colette planned to sell the Lakewood property to pay for that care.  Carre filed the notices of lis pendens days before the closing on the sale of that property.

---

[2] Judge Leitman struck Carre's 60-page objections to the R&R, giving her until January 14, 2026 to file objections that are no more than 30 pages.  ECF No. 115, PageID.2142.  Carre's objections were filed six days after the deadline.  ECF No. 126.  Judge Leitman has not yet addressed the R&R or Carre's late objections to it.

*Id*. The probate court granted Colette's petition, finding by "clearing and convincing evidence" that Charlene needs a conservator because she cannot manage her property and business affairs, that "money is needed for the support, care, and welfare of the individual," and "that protection is necessary to obtain or provide the money." *Id*., PageID.2528.

The probate court authorized Colette to seek cancelation of the two lis pendens. *Id*. The court found that Colette need not post a bond as it is not required by statute given that Colette was "being empowered on a limited basis to address and/or eliminate" the notices of lis pendens affecting the property interests of Charlene. *Id.*, PageID.2528.

Colette now moves here to cancel both of Carre's notices of lis pendens. ECF No. 125.

## III. Analysis

The general purpose of a notice of lis pendens is "to warn all persons that certain property is the subject matter of litigation." *In re Rosich*, 585 B.R. 868, 869 (Bankr. W.D. Mich. 2010) (quoting Black's Law Dictionary (8th ed.), p. 950). Michigan authorizes such notices:

> To render the filing of a complaint constructive notice to a purchaser of any real estate, the plaintiff shall file for record, with the register of deeds of the county in which the lands to be affected by such constructive notice are situated, a notice of the

4

> pendency of such action, setting forth the title of the cause, and the general object thereof, together with a description of the lands to be affected thereby.

Mich. Comp. Laws § 600.2701; *see also Chirco v. Gateway Oaks, LLC*, 384 F.3d 307, 308 (6th Cir. 2004) ("Michigan law authorizes the filing of a notice of pendency of a lawsuit, or lis pendens, to render constructive notice of the suit to purchasers of real property.").

The cancellation of a lis pendens is authorized under both statute and common law equitable principles. Mich. Comp. Laws § 600.2725(2); *Altman v. Lansing*, 115 Mich. App. 495, 507 (1982). The Court finds that the lis pendens should be canceled on common law equitable grounds.

Under Michigan common law, "a technically proper notice of lis pendens which meets all of the statutory requirements could be cancelled on equitable principles if in the discretion of a trial judge the benefits of the notice are far outweighed by the damages it causes." *Altman*, 115 Mich. App. at 507 (citing *Silberstein v. Silberstein*, 252 Mich. 192, 194 (1930)). And a court "can look to the risk of harm to each party as well as a plaintiff's likelihood of success on the merits of their claims." *Aleck v. Havenpark Mgmt., LLC*, No. 23-cv-10830, 2023 WL 6882431, at *3 (E.D. Mich. Oct. 18, 2023) (citing *Altman*, 115 Mich. App. at 507).

First, on the issue of likelihood to succeed on the merits, Carre's complaint is frivolous for the reasons stated in the R&R to dismiss the case. ECF No. 111.  Secondly, the risk of harm to Colette, her mother, and the probate court's authority is great.  Colette is Charlene's power of attorney and the probate court has appointed Colette as the conservator.  Carre is using this frivolous case to try to undermine the probate court's and Colette's authority.  And the lis pendens are having real consequences, frustrating Colette's efforts to sell property to pay for Charlene's hospice care.  Regardless of any future inheritance Carre may think she deserves, the Court will not empower her to make her *mother's assets* untouchable for the purpose of financing her *mother's care*.

The Court also denies Carre's request to require Colette to post a bond of $1.2 million to "sufficiently indemnify" Carre upon the notices being cancelled.  See ECF No. 128.  Colette is seeking to sell the properties for the care of her mother rather than for Colette's personal use.  The risk that Colette will misappropriate sale proceeds is minimal because her management of funds will be supervised by the probate court.  And while Colette is seeking access to her mother's assets to be used for her mother's care, Carre is placing her own interest in future indemnification above her mother's interest in being cared for in her last days of life.  The

Court rejects Carre's effort to place her own interest above that of her dying mother.

IV. **Conclusion**

The Court **GRANTS** Colette Nutton's motion to cancel lis pendens (ECF No. 125); **ORDERS** that the Oakland County Register of Deeds cancel the lis pendens recorded by Carre on the following property:  10714 Nadine, Huntington Woods, Michigan 48070; and **ORDERS** that the Sanilac County Register of Deeds cancel the lis pendens recorded by Carre on the following property: 7435 Lakewood, Worth Township, Michigan.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 30, 2026

### **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

7

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager
